## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13-48782 |
| | ) | |
| Julio Rodriguez | ) | Hon. Jack B. Schmetterer |
| | ) | |
| Debtor, | ) | Chapter 13 |
| | ) | |
| _____ | ) | _____ |
| | ) | |
| | ) | |
| Julio Rodriguez | ) | Adv No. 14-00209 |
| | ) | |
| Plaintiff | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Ocwen Loan Servicing LLC and | ) | |
| Dyck O'Neal | ) | |
| Defendants | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO OCWEN LOAN SERVICING

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Ocwen Loan Servicing LLC, the following findings of fact and conclusions of law are made and will be entered:

1.      Plaintiff is an individual residing at 2332 S. Marshall Blvd, Chicago, IL 60623.

2.      Ocwen Loan Servicing is a lender and/or servicer of mortgages.

3.      Plaintiffs filed for relief under chapter 13 of the United States Bankruptcy Code on 12/23/2014 in the Northern District of Illinois, case number 13-48782.

4.      This adversary proceeding arises under sections 502 and 1322(b)(2) of the United States Bankruptcy Code.

5.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6.      Plaintiff is the owner of real estate located at 2332 S. Marshall Blvd, Chicago, IL 60623 described as follows:

Section-Township: 29-41-09; SubDiv-Condo: 0516803065

Parcel ID #: 16-25-111-036-0000

7.      The fair market value of the real estate is $73,000 pursuant to Exhibit A to the original adversary complaint.

8.      A first mortgage lien is currently held by Bank of America in the amount of $92,264.96 pursuant to exhibit B to the original adversary complaint.

9.      Under 11 U.S.C. §§ 506(a) and 1322(b)(2) Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10.     The amount owed on the first mortgage, $92,264.96, exceeds the value of the above real estate, $73,000.

11.     Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed: _____

Jack B. Schmetterer

MAY 20 2014

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603